HMVDS 4B. Good morning. Good morning. And we'll begin with Mr. Mench then. Just so I'm clear, was there a reply brief filed in this case? We wanted to make sure of that. Thank you. Thank you. May it please the Court. With very few exceptions, the legislature in Illinois, as with all legislatures, punish behavior when people either intentionally or at the very minimum knowingly commit that act. With only a few exceptions do we allow a punishment when someone recklessly does something. We most always punish it when it's either intelligently or knowingly. And when the legislature of Illinois created this statute and wrote this statute using the ordinary language of the English language, that's exactly what they did, they sought to punish the behavior when someone intentionally takes the identity of another person. The heading of the statute itself is identity theft, the theft of someone's identity. And to read it any other way than requiring knowledge as to each and every element of the statute would defy the very common sense of what the statute's intended to prevent. On top of that, then we have the case that came out of the U.S. Supreme Court, Flores v. Figueroa, which is almost identically a written statute that poses the very same question that the defense poses in this case. It's whether or not, when it's constructed in a normal English language, whether or not knowledge applies to each of the elements following the word knowledge. In the federal statute, the way that it's written, it says that knowingly, a person's sentence is enhanced if they knowingly, which is the adverb, which modifies the verb, possess their uses. Without legal authority, a means of identification of another person. So it's knowingly uses a means of identification of another person. And the Supreme Court in that case held that knowingly applied, the adverb knowingly applied to the verb uses, and then which applied to the object of the verb, which is the identity of means of another person. Now the only difference in the statute between the federal version and the Illinois identity theft statute would be instead of using the words means of identification, they actually spell out what means of identification is in two forms, as opposed to just generally. They say a personal identification information or personal identification document. That's the only difference between the way that it's constructed. In the Illinois statute, again, knowingly, it's the adverb, uses is the verb, the transitive verb, the personal identifying information or personal identifying document of another person. The Supreme Court held that the normal language and the way that this is commonly used, there's no other intent that can be inferred from the legislature as to what they were trying to prescribe or trying to proscribe to avoid a person using someone else's identity. What were the facts in that United States Supreme Court case? Just shed a little light on that for us. Sure, absolutely. In that particular case, it was an immigrant from Mexico. He came into the United States in 2000. Initially he was using some documents that apparently, according to the text, didn't belong to anyone else. Then he switched over and started using documents that did. He was caught at that point in time, and he was charged with two different offenses. The statute that he questioned that I'm using to apply to the Illinois statute enhanced it by two years if, in committing the predicate offense, in doing so they knowingly used the identifying means of another individual. And the issue in that case- So wasn't it critical to that case that the earlier identification he had used actually didn't belong to anyone? I don't think that it is critical. No? I guess I would ask in what way. I don't think that Flores-Figueroa, as far as- It made it very easy to make the comparison between the Illinois statute and the statute of the federal government. It made it easy to compare because it is both identity theft and so forth. But the facts themselves really isn't what Figueroa is about. What Figueroa is about is how do you interpret a legislative statutory scheme as opposed to that. The fact that he had previously used it, I think maybe when it was sent back down, might have been used as a factual basis to determine whether he did have that knowledge or not. But I don't think the ruling of the United States Supreme Court really fell on the facts itself. Well, isn't the issue here whether- We'll be interpreting for the first time whether someone who says that they made up a number could be knowingly using someone else's identification. Absolutely. Isn't this a case of first impression as far as the statute goes in Illinois? Yeah, I think so. As far as it goes, that's an excellent point. Because in order to reach that result of where you have to look at whether or not she did knowingly use it of someone else, you have to accept the premise that that's the way the statute is to be read. Do we have to accept the premise that because she said that I just pulled this number out of my head, that ergo there's no knowledge? You do. And if you do- And why is that? The statute really doesn't say. It only says that you commit identity theft when you knowingly use personal identification information of another. Of another person, but you can't pause and leave off of another person that says this. Right. Isn't this part of it? Go ahead. Isn't this enough circumstantial evidence here to show that perhaps the trial judge found that she did know she was using some other identification? First of all, it's not an ID number that doesn't belong to anybody. It belongs to a person named Maria, same as hers, and to a person who actually lives in the same city as hers. Isn't that kind of phenomenal? Couldn't the judge find that? No, I don't think that it is, and respectfully so, and this is why. First of all, the fact that there's no evidence whatsoever that Maria Hernandez was not using her own name, Maria Hernandez. The coincidence of a very common name of it being Maria- Maria. That could be explained as like a married name or something, that her maiden name was No D'Arce. Well, let's start with the premise that if you're going to accept that you do have to prove knowingly of another person, and then you move to the next step of did the state actually do that here? Well, then you accept the presence that the state has the burden of proving that at trial. And in this situation, if you look at the facts of the case, the way that the evidence went in, other than her statement that I made this up, there was no evidence whatsoever. What about the circumstantial evidence that Justice House was just referring to? You have somebody with the same first name. You have somebody from the same city. You have this statement that's an interesting statement where she says she didn't think the first number would be a good one because it was one given to her by her mother, but she had to use a good one. Where does the concept of her belief that this is a good one come from? And we're not saying at this stage anything other than isn't that circumstantial evidence that a judge would be entitled to consider in establishing whether the mental state of knowingly knowing you're using someone else's identification could be applied. The evidence that you're stating is slightly different than the way that you're stating it, the way that it came in, but in a very important way. Maria Hernandez did not testify in this case, but the detective did as to her statement. Her statement was not, I didn't know if one was going to be good, so I used a different one. She said she made up the number. Now, what about the circumstantial evidence that when she goes in to buy a car, that credit is actually good, and she's able to make a purchase of an automobile, puts money down, and lo and behold, when there's a credit check run, it actually runs to a real person, and she's given credit based on a social. Now, the court can certainly infer from that that there's a chance here that she knew what she was doing because she was able to purchase a vehicle with a good social security number. I mean, the credit report, there was testimony that it was run, right? There was testimony that the purpose of receiving the information was for a credit report. Right. Whether it was actually run or not, I don't know if there was evidence of that, and I don't want to misspeak, but that was the purpose of at least gaining the information. Can the court infer that when you buy a car, you're not going to be able to get a car without credit? And didn't that fellow testify that he had to do that? He testified that that's why he took the information, if I recall. But what Your Honor is doing, with all due respect, is you are making a lot of guesses as to what's going on. There's just as many equally guesses on the innocent side. We're not here to make guesses. I understand. We're here to decide whether the trial judge, actually any reasonable finder fact, could have concluded that she knew that she used someone's identification. There are more facts, circumstantial facts, to suggest that she actually made this up than there's any facts to suggest that she didn't. For instance, you bring up the point of the Social Security number. We don't have any evidence that says one way or the other how long she'd been using this number. If she had been using this number for employment purposes for many years, she might have established her own credit. We don't really know about what she did. We don't. We know she was able to walk in, put down money, use the social, and walk out with a car. It also assumes that she understands exactly how the Social Security number would have been used for credit purposes as well, which wasn't established, in fact. And the State could have done that. How could they have done that? The State, with their burden, and they had the burden to produce, could have done that. They could have, in their investigation with the officer who questioned her, could have asked her questions about that. Do you think that the trial judge could infer certain things from the actions that she performed the day she purchased a car? I think the judge could, but that's not to say that the judge did or has to. There's, like, as I was saying, there's just as many inferences that she made this up. There was no evidence that Ms. Nadarcy had- this random number with the name, with a woman who lived in the area. Could the court infer that she didn't make it up? Well, that assumes several things. That assumes, first of all, that when Ms. Nadarcy received her Social Security number, that she lived in that area with those particular numbers. It assumes that Maria Hernandez, if she made up this number, didn't do it with some knowledge as to the first three digits in the area. She could have simply seen somebody else's Social Security number from the area and changed two digits on it, and it would have changed the entire statistic. Could the court reject her statement and take it and infer that she knew what she was doing? I think it would be very difficult for the judge to infer that she did anything other than make it up. Look at her own statement to the police. When she talked about the two different numbers that were used, one being a 10 and one being a Social Security number- So if a defendant says, let's take another example, I didn't really intend to kill him. Are you saying that a trial judge who has to decide whether it's murder or murder second degree, that he couldn't infer that the statement was self-serving and really the person- let's say they put the knife in a few times. Could the court infer an intent without- I mean, we do have kind of- The judge here told us he thought it was kind of a self-serving statement. Well, with all due respect, I would have to know the rest of the facts around this murder. Well, I think, Mr. Lynch, why don't we move on, because I think we all have an idea of whether a judge has to accept a defendant or, for that matter, a prosecuting witness's conclusion or statement as to intent. Let me ask you a different question. If this Court were to find that the Flores-Figueroa requirement of knowingly using another person's documents or information should have applied to the Illinois statute, what would be the remedy that you would suggest is required here? Well, based on another comment you had made, I'm asking for an acquittal because I don't think there is evidence to suggest that she did anything other than make up this number. The other remedy that I guess you could do is remand her for a new trial, but I haven't asked for that because I don't think there is enough evidence to infer on whether or not there is. It doesn't appear from the facts, from the statements from the trial judge in this case, that he did use the proper standard. He made the statement that I would certainly apply to Flores-Figueroa if I thought it was applicable here, but I don't believe that it is, and so I'm not going to apply it. So if Your Honors did find that it is as I have argued it should be read, then clearly by the record the trial court did not interpret it that way and did not use that standard when evaluating the facts of whether or not she had made up this number or whether or not the state had met their burden of beyond a reasonable doubt that she had not. And if Your Honors did read it that way, that's exactly what their burden would be. They would have to prove beyond a reasonable doubt that she did in fact knowingly use somebody else's identification. And the judge clearly didn't use that standard when he was evaluating this. The only comment that he had made really concerning the self-servingness of the statement is, well, couldn't I? What if it was believed that, I mean, his exact words, I believe, I wrote it down because I thought you might bring it up, was that what if this court was to interpret it as a self-serving statement that she had made up this document? What if I did that? He didn't say that he did, and he did specifically reject that Flores-Figueroa applied to this case. So my answer to your question in a long way is that it would appear the trial court used the wrong standard if you were to agree with the defense side that it should be interpreted that way. And you would concede that one possible outcome would be acquittal, but another possible outcome, depending on our view of the evidence, would be to remand it for, for example, the judge to consider whether under the different standard of Flores-Figueroa, whether he believed that there was proof beyond a reasonable doubt as to the issue of knowingly. Yes, sir, I think that's certainly an option, too. There it is. The state's, if I could address the way the state wants this statute read, if that's of interest to you. The state wants this read in a way, they argue, that the word or should be used to differentiate between a person using identifying information and the personal identifying document. They're arguing in their brief that because the or is in the place of these two, that the of another person only applies to the second half of the conjunctive or, personal identifying document. So that if she used a document, then you have to prove that it was of another person. But if you just use their identification, in other words, just come up with a number out of your mouth, then you don't have to use, they don't have to prove it was knowingly of another person's information. That doesn't make any sense. That is almost like saying that we use the or in the first part of the sentence, where it says the offensive identity theft when he or she knowingly, and it only applies to the she. But did the trial court take that position? I don't think so. No, the trial court didn't take that position. They just, in about a sentence or two, just rejected the applicability of Flores and the reading that knowingly required. The judge did go on to state that to do that would make it difficult for the state to ever prove that anyone knowingly used it because they could just say that they had made up the document. And he made that comment. My response to that, as it was at the trial level, was that there are many instances where the state could still prove identity theft, a person steals someone's purse, a phishing scam. There are a lot, as the Supreme Court in Flores pointed out, there are a lot of traditional identity thefts that are incredibly easy to prove based on the writing of the statute. But the second part of that is that the legislature has it at their disposal that if they want to exclude the state from having to prove knowingly as applied to the way that we're asking, they could write it that way. They could simply add a sentence that it is not a defense that you did not know that it was a real person, or they could take out the language of another person. They did, and they included it. If you take out the language of another person, then basically a person could be found guilty of this, knowingly using their own identification if they used it fraudulently. The way, what the legislature was trying to do in this. How could you use your own information fraudulently? I'm trying to think of an example you could. Good. But the reading of the text is, if she knowingly uses personal identifying information to fraudulently obtain. So if they use personal identification, perhaps of their own, saying that they had beyond an education that they really had, or something that would fraudulently cause them to be able to obtain something, then it wouldn't be, the legislature wouldn't be protecting the very individuals that they're trying to protect. That's another person whose identity is being stolen. One could argue that they're trying to, on one hand, protect the people whose identity would be stolen, but on another hand, protect the people who would be defrauded as the seller from somebody using false information. Right, and there are a lot of statutes for that. There's theft by deception. There's fraud statutes. There's forgery statutes. There are a lot of other ways that it could be charged if that was the true intent. Fortunately for my client here, she wasn't charged with any of those offenses. She was charged with this statute, which is designed to protect the person from having their identity stolen, as the title itself suggests, and the way that it has been drafted would suggest. Anything further, Mr. Lynch? I would only say that I did quote the case of Montoya, and the reason why I did that is because I know it applied to a different section of the statute. But in that case, it listed off all the evidence that was against the defendant in that case where the defendant had used somebody else's identification. He said, I'm using someone else's identification. He actually had a card. He used another person's name. Ms. Hernandez used her own name. Despite all those circumstances, the appellate court in that case still made the ruling that there was no evidence that the defendant in that case knew he was using a real person's identity. And if in that situation where the court looked at all of those facts there wasn't, I think it's very difficult for this court or the trial court to infer that the state had met the burden of proving that Ms. Hernandez did know it was somebody else's as well. Thank you, Mr. Lynch. Thank you very much. I appreciate it. Mr. Hodes? May it please the Court, Assistant State Attorney Brian Hodes, on behalf of the people of the State of Illinois. In this case, the testimonial and the documentary evidence, along with the reasonable inferences drawn therefrom, proved beyond a reasonable doubt that the defendant committed identity theft. She specifically used someone else's, a specific victim's, identity. The evidence showed the defendant went to buy a car. She had $1,000 and she wanted to finance the rest of it, which turned out to be just over $8,200. To obtain financing, she gave the salesperson her name, her address, and her employment information. She also provided him with two nine-digit Social Security numbers, either of which belonged to her. The first one, one of them didn't belong to anyone. It was unassigned. The second belonged to the victim, a woman who, as the Court noted before, shared the same first name. Mr. Hodes, can I move to a question that I think is important in my mind anyway? Would you agree that the record shows that Judge Kaczmierski relied upon his interpretation of Flores Figueroa as not applying to the Illinois statute? No, not precisely. I would say that he, well, he found that the case didn't apply, but he clearly considered Didn't he say that if he thought it applied, he would use that analysis, but he didn't think it applied? He said that, but he also considered, as Justice McBride pointed out, expressly considered the notion that the evidence proved that defendant knew that somebody else's identity, that she was using the identity of another person, that there was a specific victim. And that was in his question, which he posed to counsel during the motion to reconsider, which is kind of the ultimate point in a case on appeal, is the motion to reconsider. Counsel was arguing that the only evidence that was that she said that she made up the number, and the judge said, basically, do I have to believe that? Do I have to believe that self-serving statement? What if the statement, quote, what if the statement she gave the police number is a made-up number, is viewed as a self-serving statement, and not to be believed that whether it was someone's number? In other words, do we have to take her word for her knowledge at that moment, or her knowledge period? Therefore, the judge was considering this. And there's nothing in the record that shows the judge didn't apply the standards set forth in Flores. He just didn't believe that Flores exonerated the defendant based on the simple statement that I made it up. And isn't that what he said at the denial of the motion to reconsider? He said that during it, yes. He said he didn't, and Flores, well, I leave it at that. Is there some analogy here to a situation where a jury is given an incorrect jury instruction and conducts its analysis in the mistaken belief that certain elements need to be proved that did not? No, I don't believe so. I believe the judge considered the element properly based on what we were just speaking about. At least in the motion to reconsider. Right. And that's ultimately what we're, and he said, I believe my ruling supports that. And that's what you're appealing on appeal is the motion to reconsider. That's the final word of the trial court in this case. Well, are we looking at the sufficiency of the evidence? Yes, we are looking at the sufficiency of the evidence. And that's how the defendant framed his brief. I mean, he specifically requested that we have to prove that she used the identity of another person and asked that this court apply the facts of this case to that requirement and therefore find the defendant not guilty. So are we looking at Judge Kaczmarski as the standard or are we looking at a rational trier? I mean, the issue is whether the evidence was sufficient, and our position is that it clearly was sufficient. And here's why. Even if you grant the notion that she made up the number, because the question, the testimony of the officer about what she said was, where did you get the number? She said, oh, I just made it up. Let's grant that. Let's grant that she made up the number and that's where she got it. The minute she submitted the number, filled out the credit report, certified that it was true, the minute that she sent that in, the credit report, the credit, something like credit report, she sought credit acceptance from something called Turner Acceptance. Turner Acceptance approved it. When Turner Acceptance approved it, at that moment, the only reasonable inference, in fact, it's difficult to conceive of another reasonable, another inference period is that she knew that that number was good. In other words, she knew that that number belonged to an actual victim, a person. And... Does she have to know that before she throws it out there? No, because the crime wasn't completed, at least as the statute's written, by trying to use someone's. It's when you actually use it. And at that moment, she could have said, well, I made up the number. I hit the jackpot, but yes, it belongs to another person. I can't proceed. She didn't do that. She took that number. She consummated the transaction using the other person, an actual victim's credit card number. And she signed a form that said that. In your brief, you essentially argued that. Yes. A person can't even say, I'm going to make up a number and see if it works. Once it works, no. Yeah. I mean, if we're talking, because that's the moment when the crime is committed. So, I mean, I think that the idea that she made up the number is rather far-fetched instead of the trial court. But you think that the statute was designed to protect against even this kind of behavior if we accept it, that you can't throw out a number and see if it will work and use it. Once it works, you know it's someone else's. I mean, it's just that simple. Can you quote the part of Judge Kaczmierski's ruling on the motion to reconsider that you think is the most telling on the fact that he considered that? I think, well, it's the part that we've discussed before. During the motion to reconsider, I don't have the whole quote here. I don't have the whole quote, the whole part of it here. But the trial court asked, as I said before, what if the statement, because counsel argued that, look, all we've got here is that she said she made up the number. And the judge responded, what if the statement she gave the police, that it was a made-up number, is viewed as self-serving statement and not to be believed whether it was someone's number? I mean, I think that's the ultimate statement there. But the question is a different one from whether he found or believed that it was a knowing use of another person's identification or not. Where is it that he said even if Flores-Figueroa standard applies, there is sufficient evidence? He didn't say that specifically. But he applied the part of Flores v. Ortega or considered it and found that it was met. He didn't believe that Flores v. Ortega was controlling. Flores v. Ortega is a statutory construction case. Ultimately, the U.S. Supreme Court said this is how you read the statute and remanded the matter. They didn't find the defendant. They didn't acquit the defendant. That's the only issue they dealt with. They said that's how you have to look at the sufficiency of the evidence. Our position is that the judge looked at the sufficiency of the evidence and considered the statute properly. And if we believe that it was considered improperly, what do you think the remedy should be? But the defendant didn't raise that. And I think that there's a reason the defendant wouldn't raise that. He thought that he had, that the judge did. I mean, it's the same defense that she, the defense, didn't raise this argument. In their brief, they asked for the remedy that this court. Now, wasn't there a recent Kansas decision that basically took a look at a statute that is almost identical to the Illinois statute and found that, of course not binding on us, but found consistently with Flores v. Figueroa that there must be a knowing use of another person's information? I don't. State v. Owen, 251 Pacific 3rd, 673. I can't say that I'm familiar with it enough to discuss it right now. 2011 case. That wouldn't be surprising. Yeah. But I don't think that that's, I think the judge applied the proper standard given our statute here. And there's nothing in the record that affirmatively demonstrates otherwise. Except his statement that says that I don't believe it applies. I would apply it if I thought it did. I think that the way that Flores v. Figueroa was presented to the judge was that it exaggerated the defendant here. And the judge wasn't willing to say that, kind of based on the facts of Flores v. Figueroa as applied here, that it did that. So we're speculating at this point. Right, we're speculating. But, I mean, there's, we can't, there's not enough to show that the judge didn't apply it. I think that the record shows that the judge did. Well, we could ask the judge, couldn't we? I think the record shows that he did. And I think the defense believed the same thing until a few minutes ago, maybe. Because that was what the relief they sought. The relief they sought was that this court applied that, consider whether there was sufficient evidence that the defendant knowingly had someone else's number. And our position is that the evidence shows that, clearly. And the trial judge's decision was proper. Well, I think if you read their conclusion, what they're asking for is they put in those last few words or any result this honorable court deems just. So they're not limiting themselves in asking for only an outright reversal. I think, but the rest of it is asking the court to conduct, to consider the sufficiency of the evidence. That's how the whole thing, that's how both arguments are framed. Was the evidence sufficient? No. Our position is that it was. And that the judge, and I would point out that I think the judge considered the evidence properly. And there certainly isn't enough to show that he didn't. I guess I want to get back to the discussion of the evidence, although at this point it may be somewhat repetitive, which is that we're talking about a nine-digit number someone makes up. They make up the number, they submit it. Once the number is accepted, as I said, even if the person claims they made it up, which I think is rather dubious, as the judge did, it's a long shot, to say the least. And we're talking about beyond a reasonable doubt, not what. We're not talking about whether we can concoct a reasonable hypothesis that maybe she made it up. And the statute says that knowledge is supposed to be considered based on the circumstances surrounding it. And the general heading concerning knowledge at the very beginning of the criminal code similarly also uses language about surrounding circumstances and likely probability of knowledge. I think that the evidence here, sort of a videotape, proved beyond a conceivable, viable doubt, almost a Cartesian doubt, that the defendant knowingly used someone else's number. And the judge? Have you ever used Descartes in any oral argument before? Pardon? Have you ever used Descartes in any oral argument? No, and I probably shouldn't have yet. But I haven't done that many. Okay. I apologize. If the court has no further questions, our position is that under any reasonable construction of the identity theft statute, the reasonable inference is drawn from the evidence. And I would emphasize the documentary as well as the testimonial evidence. The pieces of paper the defendant signed certifying things. The piece of paper where she basically said, I'm using this other number, and it's not mine, or it is mine, which of course it wasn't, to get credit to consummate this transaction. After having found out that that number would, in fact, enable her to get her, would enable her to obtain the credit she wanted. That that evidence proves far beyond the reasonable doubt the defendant committed identity theft. And that this court should consequently accept the defendant's invitation, consider the evidence under whatever, however the court wants to interpret the statute. I think the judge interpreted the statute properly. He just didn't believe that the mere statement, I made it up, provided an escape action. Thank you, Mr. Hogan. Thank you. Any final words, Mr. Lynch? Justice Alito, in his concurring opinion, said that if the defendant uses a made-up social security number without having any reason to know whether it belongs to a real person, the defendant's liability depends on chance. If it turns out that the number belongs to a real person, two years will be added. But if the defendant is lucky and the number doesn't belong to another person, the statute is not violated. Justice Alito, in that situation, said that it would be lucky if he didn't come up with a number of somebody else's. I fastened to the facts of that case, because certainly there are facts in each case that would allow a judge to decide whether coming up with another number of another person was mere luck or whether it was something more. Precisely. And if Your Honors read the statute in the way that the defense is asking, the State has the burden, beyond a reasonable doubt, not up to and including a reasonable doubt, beyond a reasonable doubt, that she didn't make this number up. They didn't present a single bit of evidence. And that's your position is that the State failed to establish knowledge, not that the trial judge used some wrong standard. I think it's both. It's both? Did you put that? Is that in your brief that the judge used the wrong standard, or are you saying because you cited Figueroa that you suggested this now? It was argued at, and I was the trial attorney, it was argued at trial. No, I brought up the brief you presented to me. Yes, yes, I'm arguing both. I'm arguing that the judge most certainly used the wrong standard. He specifically said we're not using it. All right, just point that to me. Maybe I just didn't catch it. Because. Because. Because he didn't agree that Flores-Figueroa applied? Correct. That's absolutely correct. But I'm asking for two things. I'm asking, one, that you guys correct the proper application of the statute, and then to apply it to these facts where the State has not met their burden. Justice Epstein, when he asked, is there another remedy, yeah, there's another remedy to see if Judge Karsmirsky, if he applied the proper standard, would. But I was asking for both from your end. Well, what case would you cite to us? I mean, perhaps it can be supplemented in some way that would suggest that where the trial judge states that this case doesn't apply, that would be reason to remand for him to apply a case and then give the defendant a new trial. Well, the reason, and I don't know that even a new trial, quite frankly, if it was going to be remanded, it would probably be just to apply the facts that were presented at trial to the proper standard if he wanted to remand it. I don't even think necessarily a new trial, just him applying the correct standard if Your Honors chose to remand it. I was looking for a case that would suggest to us that after a bench trial, finding guilty in a criminal case, that if the judge says, I don't think this case applies, that the remedy would be remanded so that we can tell the judge to apply that case and then see if the evidence... I'm not sure I understand the remedy being sought. In a normal situation, I think I'd agree with you that that would be very odd. But in this particular case, the case that he rejected, Flores, is all about the construction of the statute. It's not about different facts and so forth where you would have a scenario. Did the judge ever say there's no requirement that the state establish knowledge? Did he say that sentence? No. Did he imply that? He implied that a whole lot more than there was any implication that she didn't make up this number. The implication was that I don't think it applies. If I did think it applied, I would certainly apply it, as well as he made comments concerning how difficult it would be for the state to prove it and that you could escape exoneration if I was to use that interpretation. Now, he didn't use those words, if I used that interpretation, but I believe that was the implication that he was giving, that he wasn't interpreting the statute as that requirement on the state. It's the same argument that was rejected by the Supreme Court. The state made that argument, too, at the Supreme Court. Well, this would be really tough to prove if we have to prove knowledge on everything. But do you think Judge Kazmersky wasn't aware that the state had to establish knowledge? I don't believe that he applied knowledge to the or others. I think he, as the state has argued in their brief, applied knowledge to just the first portion of it, used personal identifying information. And certainly if the state didn't establish knowledge, the true remedy would be a finding of not guilty. Which is exactly what I'm asking for. Thank you, Mr. Lynch. Thank you very much. Thank you both for a very interesting and well-presented argument. We'll take the case under advisement and issue our ruling in due course.